IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HERLINDA R. ELIAS | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| VS. | ) | Civil Action No:  SA-07-CA-405-XR |
| | ) | |
| RANDSTAD WORK SOLUTIONS, *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Defendant Randstad North America, L.P.'s (Randstad) motion to dismiss (Docket No. 13). Randstad argues that Plaintiff's Americans with Disabilities Act (ADA) discrimination claim is time-barred because Plaintiff allegedly failed to file her complaint within 90 days after receiving an Equal Employment Opportunity Commission (EEOC) right-to-sue notice. Randstad also argues that Plaintiff's state law claims for intentional infliction of emotional distress, negligent training and supervision, tortious interference with an existing contract, and defamation are barred by the applicable Texas statute of limitations provisions.

Plaintiff filed a response in opposition to Defendant's motion, and Defendant filed a reply. Having considered the briefings of the parties, along with the pertinent case law, the Court GRANTS in part and DENIES in part Defendant's motion.

### Factual Background

Plaintiff Herlinda Elias is a former employee of Randstad. She was assigned to work as a material handler at Harcourt Assessment's (Harcourt) San Antonio facility. She began her employment with Harcourt in October 2002.

1

That same month, Plaintiff was diagnosed with autoimmune hepatitis. While her doctors have largely been able to control this disability through medication, autoimmune hepatitis can only be cured effectively through a liver transplant - a procedure that Plaintiff has not yet undergone.

Beginning January 31, 2005, Plaintiff was hospitalized for a medical problem stemming from her autoimmune hepatitis. She was initially released to return to work on February 14, 2005, but she apparently caught the flu, and her doctor chose not to release her until March 3, 2005. On March 28, 2005, Plaintiff was terminated from her position at Harcourt. Believing she had been discriminated against because of her disability, Plaintiff filed a Charge of Discrimination with the EEOC against Randstad on July 14, 2005. On February 9, 2007, the EEOC mailed her a letter that stated the agency was unable to conclude that Randstad had violated any applicable anti-discrimination statutes. The letter informed Plaintiff that if she wished to file a lawsuit against Randstad, her lawsuit had to be "filed within 90 days of [her] receipt of this notice."[1]

## Analysis

<u>Standard for Motion to Dismiss</u>

In determining the merits of a 12(b)(6) motion to dismiss, the Court must accept "all well-pleaded facts as true and . . . view them in the light most favorable to the plaintiff."[2] Moreover, the Court "may not look beyond the pleadings" in ruling on the motion.[3] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on

---

[1] Docket No. 9, Exhibit P-2.

[2] McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992).

[3] *Id*.

its face."[4] In other words, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[5]

ADA Claim - 90 Days

Defendant Randstad argues Plaintiff's ADA claim is time-barred because Plaintiff did not plead it within 90 days of receiving her Dismissal and Notice of Rights letter from the EEOC. Defendant contends that Plaintiff's pro se complaint[6] was not filed until June 29, 2007, and thus, 140 days passed between her receipt of the EEOC letter and her commencement of this lawsuit. Because 140 days exceeds the 90 day time frame for commencement of a suit, Defendant argues Plaintiff's ADA claim must be dismissed.

Plaintiff responds that her complaint was originally filed on May 9, 2007, a date within the 90 period.[7] Indeed, the complaint that was docketed on June 29, 2007 was actually signed May 9, 2007. Plaintiff alleges, however, that her complaint was held in abeyance by the Court pending Magistrate Judge Nowak's decision on whether to grant her motion to proceed in forma pauperis (IFP). When the motion was denied on May 31, 2007, Judge Nowak gave Plaintiff 30 days to "pay

---

[4] In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007).

[5] Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1965 (2007).

[6] Since September 4, 2007, Plaintiff has been represented by counsel.

[7] There is dispute as to whether Plaintiff received the EEOC letter on February 9, 2007 or February 12, 2007. Since the letter was mailed on February 9 (*See* Docket No. 9, Exhibit P-2), and since that date was a Friday, the Court is inclined to believe Plaintiff's assertion that she received the letter on the 12th. Either way, so long as Plaintiff's complaint was submitted to the Court by May 9, 2007, Plaintiff complied with the 90 day requirement.

the required filing fee."[8] Plaintiff complied, and on June 29, 2007, the docketing clerk filed her complaint.[9]

It is clear from looking at the record that Plaintiff filed a motion to proceed IFP on May 9, 2007.[10] It is equally clear that Plaintiff wrote the date May 9, 2007 immediately above the signature line in her original complaint.[11] As part of this Court's standard procedure, complaints submitted along with applications for IFP status are not docketed until the application for IFP status is adjudicated. In this case, the IFP request was denied, meaning the complaint was not filed until Plaintiff paid the required filing fee. The question, therefore, is whether principles of equitable tolling should apply so that the Court treats Plaintiff's complaint against Randstad as having been filed on the date it was initially submitted to the clerk's office, or whether it should be viewed as having been filed after her motion for IFP was denied and she had paid the required $350 filing fee.

The Fifth Circuit addressed a strikingly similar question in *Hernandez v. Aldridge*,[12] a case that arose from this Court and made its way to the United States Supreme Court, before being remanded to the Fifth Circuit. The Supreme Court directed the Fifth Circuit to determine "whether or not, in all of the circumstances of the case, receipt of the non-defective complaint by the district court Clerk's office constituted a 'filing' for the purposes of 42 U.S.C. § 2000e-16(c) (1982)."[13]

---

[8] Docket No. 4 at 1.

[9] *See* Docket No. 5.

[10] *See* Docket No. 1.

[11] *See* Docket No. 5 at 5.

[12] 902 F.2d 386 (5th Cir. 1990).

[13] *Id*. at 387.

*Hernandez* involved a discrimination claim against the United States Air Force. The plaintiff exhausted his administrative remedies, and on February 16, 1988, the EEOC issued a final decision siding with the Air Force. The plaintiff received notification on February 18, 1988 of this decision in the form of a right-to-sue letter. The letter informed plaintiff that he had 30 days to bring suit or his claims would be time-barred.

On March 10, 1988, the plaintiff in *Hernandez* timely submitted his complaint with the clerk of this Court. The complaint was not formally filed and docketed, however, until March 29, 1988, a period outside the 30 day deadline. The reason for this gap in time was that the clerk deferred filing the complaint until after plaintiff's motion for IFP status had been adjudicated. Reviewing this situation, the Fifth Circuit held that plaintiff's "complaint was 'filed' within the thirty day requirement" because it had been received by the clerk within that time period.[14]

In this case, Plaintiff's complaint was received by the clerk within the 90 day time frame. Therefore, Defendant Randstad's motion to dismiss Plaintiff's ADA complaint on timeliness grounds is denied.

State Law Claims Overview - Statute of Limitations

Plaintiff has pled four state law claims: intentional infliction of emotional distress, negligent training and supervision, tortious interference with an existing contract, and defamation.

Texas law governs the applicable limitations periods for these state law causes of action. In Texas, the general rule is that "a cause of action accrues when a wrongful act causes some legal

---

[14] *Id*. at 388. Although the plaintiff's IFP request in *Hernandez* was granted, the Court finds no reason to reach a different result in this action solely because Elias' request was denied. If, however, a case were presented where allegations existed that a plaintiff filed an IFP application in bad faith or that he submitted it for purposes of improperly tolling his deadline to file a complaint, the Court would take such allegations into consideration in reaching its conclusion.

injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred."[15] Under federal law, "a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. The statute of limitations therefore begins to run when the plaintiff is in possession of the critical facts that he has been hurt and who has inflicted the injury."[16]

Regardless of which law is applied to determine when Plaintiff's state law causes of action accrued, the result is the same. The latest possible date at which Defendant's actions could have caused a legal injury or at which Plaintiff could have first known or had reason to know of the injury underlying her state law causes of action is March 28, 2005, the date of her termination from employment.

Indeed, in her First Amended Complaint, Plaintiff never alludes to any event taking place after March 28, 2005, much less one that would have given rise to any of her pending state causes of action. Her only attempt to forestall starting the statute of limitations clock on this date is by way of the conclusory assertion that "under the circumstances, it would appear premature to presume that any injuries Plaintiff 'knew or had reason to know' did not occur after the March 28, 2005 termination."[17] In other words, Plaintiff requests that the Court defer consideration of the statute of limitations inquiry "until such time as there has been adequate time to propound pre-trial discovery and to investigate the issues central to this controversy."[18]

---

[15] S.V. v. R.V., 933 S.W.2d 1, 4 (Tex. 1996).

[16] Gartrell v. Gaylor, 981 F.2d. 254, 257 (5th Cir. 1993).

[17] Docket No. 15 at 7.

[18] *Id.*

The Court disagrees. The Fifth Circuit has held that "a statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."[19] Plaintiff's First Amended Complaint contains no allegation, much less factual support, for the assertion that she initially became aware of discriminatory action on the part of Defendant *after* she was terminated on March 28, 2005. To the contrary, Plaintiff alleges Defendant stopped returning "her numerous phone calls"[20] and ceased communications with her *before* her termination, acts that could have reasonably given her notice that something was wrong. At any rate, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[21] Moreover, "to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face."[22] In other words, her "factual allegations must be enough to raise a right to relief above the speculative level."[23] Because there are no factual allegations that after her March 28, 2005 termination, Plaintiff first learned of any acts that could give rise to her presently pleaded causes of action, the Court will start the clock on the relevant statute of limitations periods as of her termination date.

Having set the starting date for its statute of limitations analysis, the Court will now consider how the relevant limitations periods apply to Plaintiff's state law tort claims.

---

[19] Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003).

[20] Docket No. 9 at 6.

[21] Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

[22] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205.

[23] *Twombly*, 127 S.Ct. at 1965.

<u>Defamation</u>

Texas law provides a one-year statute of limitations for defamation claims.[24] Neither party disputes this. Furthermore, both parties agree that Plaintiff's defamation claim should be dismissed.[25] Because Plaintiff brought suit on May 9, 2007, well over the one-year mark that commenced with her March 28, 2005 termination, the Court finds that Plaintiff's defamation claim is time-barred.

<u>Remaining State Law Claims</u>

Defendant argues, and Plaintiff does not dispute, that Plaintiff's remaining state law claims for intentional infliction of emotional distress, negligent training and supervision, and tortious interference with an existing contract are governed by a two-year statute of limitations. Tex. Civ. Prac. & Rem. § 16.003(a) provides that:

> Except as provided by Sections 16.010, 16.0031, and 16.0045, a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues.

In *Childers v. Gallagher Bassett Services, Inc.*, a Texas appellate court noted that "intentional infliction of emotional distress is . . . governed by the two year statute of limitations."[26]

Furthermore, in *Burke v. Insurance Auto Auctions Corp.*,[27] another Texas appellate court

---

[24] *See* Tex. Civ. Prac. & Rem. § 16.002(a). "A person must bring suit for malicious prosecution, libel, slander, or breach of promise of marriage not later than one year after the day the cause of action accrues."

[25] *See* Docket No. 15 at 6. "**With the exception of the claim for defamation**, Plaintiff's remaining state law claims remain viable." (emphasis added).

[26] 2008 WL 902796, at 2 (Tex. App. Fort Worth - Apr. 2008).

[27] 169 S.W.3d 771 (Tex. App. Dallas - 2005).

stated that "a person must bring suit for negligence no later than two years after the cause of action accrues."[28] Additionally, the Court observed that "the two-year statute of limitations also applies to claims for tortious interference with a contract."[29]

Because the two-year statute of limitations applies to Plaintiff's remaining state law tort claims, and because the limitations period commenced on March 28, 2005, the date of Plaintiff's termination, Plaintiff had until March 28, 2007 to timely bring her lawsuit. Plaintiff initiated this lawsuit on May 9, 2007, however, a date clearly outside the limitations period. Therefore, because Plaintiff's claims for intentional infliction of emotional distress, negligent training and supervision, and tortious interference with an existing contract were not timely filed, they are dismissed.

### Conclusion

Plaintiff's ADA claim against Defendant Randstad survives Defendant's motion to dismiss because it was delivered to the Court within the required 90 day time frame. Plaintiff's state law claims for intentional infliction of emotional distress, negligent training and supervision, tortious interference with an existing contract, and defamation, however, are barred by the applicable Texas statute of limitations provisions.

Accordingly, Defendant's motion to dismiss (Docket No. 13) is GRANTED in part and DENIED in part.

---

[28] *Id*. at 776.

[29] *Id*.

It is so ORDERED.

SIGNED this 9th day of May, 2008.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE